UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMISON STIRILING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:17CV1206 RLW |
| | ) |
| JAMES RAMSEY, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order (ECF No. 2). For the reasons set forth below, the Court denies Plaintiff's motion.

On March 29, 2017, Plaintiff filed a federal Complaint against several Defendants. He brings a claim under 42 U.S.C. § 1983 for violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution against St. Louis County Collector of Revenue; Richard Robinson, the Manager of Revenue Services in St. Louis County; and Ashely Greely and Mark Devore, both County Collectors of Revenue. Specifically, Plaintiff asserts that these Defendants used an unlawful and wanton procedure to deprive Plaintiff of his home. In addition, Plaintiff alleges fraud, intentional infliction of emotional distress, and an action to quiet title against Defendants John Ramsey, President of WMAC in 2013 and 2014; Richard Robinson, Chief of Operations for Investa Services; Carlton Black, Vice President for Investa Services; Michael DeLuca, Vice President for Investa Services; Chad M. Cooper of Investa Services; Scott F. Walterbach, attorney; Investa Services; WMAC 2013; WMAC 2014; Christiana Trust; and The Deed Co., LLC. Further, Plaintiff alleges civil conspiracy against all Defendants. He seeks monetary damages and declaratory judgment.

On that same date, Plaintiff filed a Motion for Temporary Restraining Order. Plaintiff claims that Defendant St. Louis County Collector of Revenue conducted an annual Tax Sale auction pursuant to Missouri statute and that Defendant WMAC 2014 participated in such auction without signing an affidavit as required by law. Specifically, Defendant WMAC 2014 purchased a Tax Sale Certificate for Plaintiff's home and then sent a letter claiming to have purchased an interest in the property. Plaintiff claims that the Tax Sale Certificate may be void and that the Notice provided to Plaintiff by WMAC 2014 was legally insufficient. Plaintiff further alleges that once WMAC 2014 has obtained the Tax Collector's Deed, Defendant will immediately seek to evict Plaintiff from the property. Specific to the Motion for Temporary Restraining Order, Plaintiff states, "[b]y the time the Plaintiff could prevail on the merits of his claims as alleged in the attached complain[t], the Plaintiff will be homeless." (Pl.'s Mot. ¶ 5, ECF No. 2) He further asserts that he will suffer irreparable loss, specifically the loss of his home, if the Court does not issue a Temporary Restraining Order. Plaintiff requests that the order enjoin Defendants from issuing or receiving a collector's deed and instituting any detainer action to have Plaintiff evicted from his residence.

On March 30, 2017, this Court issued an Order to Show Cause, ordering Plaintiff to show cause (1) whether Plaintiff will suffer immediate and irreparable injury, loss, or damage before Defendants have an opportunity to file an Answer and/or response to Plaintiff's Motion for Temporary Restraining Order; (2) whether Defendants have received actual notice of Plaintiff's Complaint and Motion for Temporary Restraining Order; and (3) whether this Court has subject matter jurisdiction over Plaintiff's cause of action. The Plaintiff filed a response on April 3, 2017, indicating that he mailed copies of the Complaint and the Motion for Temporary Restraining Order to the named Defendants. In addition, Plaintiff asserts that deprivation of his

constitutional rights even for a minimal period constitutes irreparable harm. Finally, Plaintiff contends that this Court has federal question jurisdiction by virtue of Plaintiff's claims under 42 U.S.C. § 1983.

To determine whether preliminary injunctive relief is warranted, the Court considers four factors: "1) the threat of irreparable harm to the moving party; 2) the state of the balance between the harm to the moving party and the harm that granting the injunction will inflict on the other parties; 3) the probability that the moving party will succeed on the merits; and 4) the public interest." *Arthur J. Gallagher Risk Mgmt. Servs., Inc. v. Kinsey*, No. 4:08 CV 635 DDN, 2008 WL 2064797, at *1 (E.D. Mo. May 14, 2008) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)). Courts apply the *Dataphase* factors to motions for a temporary restraining order. *Id.* "Without a finding of irreparable injury to the moving party, however, a preliminary injunction should not be issued." *Phelps-Roper v. Cty. of St. Charles, Missouri*, No. 4:10CV02232 AGF, 2010 WL 5281668, at *1 (E.D. Mo. Dec. 17, 2010) (citing *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 738 (8th Cir. 1989)). "A temporary restraining order is an extraordinary and drastic remedy . . . [and] [t]he burden of proving that the relief should be awarded rests entirely on the movant." *King v. Blake*, No. 4:08CV1050 RWS, 2009 WL 73678, at *1 (E.D. Mo. Jan. 9, 2009) (citations omitted).

The Court will deny Plaintiff's request for a Temporary Restraining Order because Plaintiff has failed to show that immediate, irreparable injury will occur before Defendants have an opportunity to answer the Complaint and respond to Plaintiff's motion. Plaintiff states in his affidavit that Defendant WMAC 2014 has **expressed its intention** to obtain a Collector's Deed and evict Plaintiff. (Pl.'s Aff. ¶ 6, ECF No. 4) (emphasis added). Plaintiff contends that he would be irreparably harmed if he and his family were forced to move from their home, which

3

would likely be looted for copper and anything of value. (*Id.* at ¶ 10) In addition, Plaintiff baldly claims that deprivation of his constitutional rights constitutes irreparable harm. At best, Plaintiff's assertions amount to speculation. However, "[m]erely demonstrating the 'possibility of harm' is not enough." *Chlorine Inst., Inc. v. Soo Line R.R.*, 792 F.3d 903, 915 (8th Cir. 2015) (citation omitted).

The Court notes that Plaintiff has not requested preliminary injunctive relief. The Court will consider such request after the Defendants' are properly served should Plaintiff choose to file a motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 2) is **DENIED**.

Dated this <u>6th</u> day of April, 2017.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

4