UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMISON STIRILING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17CV1206 RLW |
| ) | |
| JAMES RAMSEY, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss Plaintiff's First Amended Complaint by Defendants John Ramsey; WMAC 2013, LLC; WMAC 2014, LLC; Richard Robinson; Carlton Black; Michael DeLuca; Chad Cooper; Invest Services, LLC; Christiana Trust, a Division of Wilmington Savings Fund Society, FSB; and Deed Co. LLC (collectively "Defendants"). (ECF No. 72) Also pending is a Motion for Summary Judgment by Defendants St. Louis County Collector of Revenue; Ashley Greely, employee of St. Louis County Department of Revenue; Richard Robinson, Manager of Revenue Services as an employee of St. Louis County Department of Revenue; and Mark Devore, Collector of Revenue for St. Louis County Department of Revenue (collectively "County Defendants"). (ECF No. 69) In response to the County Defendants' motion, Plaintiff has filed a Motion for Continuance Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. (ECF No. 78) Upon thorough review of the motions and related documents, the Court will grant the Motion to Dismiss and Motion for Summary Judgment.

## I. Background

On September 27, 2017, Plaintiff acting *pro se* filed a First Amended Complaint. (ECF No. 86) Plaintiff, as the owner of 11931 Roseview Lane, St. Louis, Missouri 63138 ("Property"), failed to pay real estate taxes owed on the Property for the years 2011, 2012, 2013, and 2014. (County Defs.' Statement of Uncontroverted Material Facts ["SUMF"] ¶ 1, ECF No. 70) On August 24, 2014, the Property was sold to Defendant WMAC 2014, LLC for $13,129.00, which amount equaled the unpaid real estate taxes owed. (*Id.* at ¶ 2) WMAC 2014, LLC received a Tax Sale Certificate of Purchase for the Property on that same date. (*Id.* at ¶ 3) No other person or entity was involved in the purchase of the Property. (*Id.*) On February 18, 2017, WMAC 2014, LLC filed a Petition for Writ of Mandamus against Defendant Mark R. Devore, the St. Louis County Collector of Revenue, seeking the issuance and recording of a Collector's Deed for the Property, which was then issued on May 4, 2017. (*Id.* at ¶¶ 4-6) In his First Amended Complaint, Plaintiff alleges that the Defendants violated his constitutional rights in the sale and purchase of the Property.[1] Plaintiff also alleges fraud, intentional infliction of emotional distress, an action to quiet title, civil conspiracy, slander of title, unfair debt collection practices, and an action for declaratory judgment.

## II. Legal Standards

With regard to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-

---

[1] This is the third cause of action in federal court pertaining to the Property at 11931 Roseview Lane. *See Stiriling v. Great Southern Bank, et al.*, 4:14CV747 JCH; *Stiriling v. Alliant National Title Insurance Company*, 4:15CV1420 RLW.

46 (1957)). While the Supreme Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

"Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting Fed. R. Civ. P. 56(c)(2)). "At the summary judgment

3

stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted).

The moving party has the initial burden to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988); *see also Torgerson*, 643 F.3d at 1042. To meet this burden, the movant must inform the district court of the basis for the motion "and must identify 'those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson*, 643 F.3d at 1042 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). When the movant meets this burden, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Matsushita Elec.*, 475 U.S. at 587). Conclusory allegations are insufficient to establish a material question of fact required to defeat summary judgment. *Boude v. City of Raymore, Missouri*, 855 F.3d 930, 935 (8th Cir. 2017); *Quinn v. St. Louis Cty.*, 653 F.3d 745, 752 (8th Cir. 2011).

"Rule 56(d) . . . authorizes a district court to defer considering a motion for summary judgment if a party opposing the motion 'shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *Chambers v. Travelers*

4

*Companies, Inc.*, 668 F.3d 559, 568 (8th Cir. 2012) (quoting Fed. R. Civ. P. 56(d)). "Rule 56(d), however, 'is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious.'" *All-Am. Hose, LLC v. LaBarge Prod., Inc.*, No. 4:12CV215 TIA, 2013 WL 64524, at *5 (E.D. Mo. Jan. 4, 2013) (quoting *Duffy v. Wolle*, 123 F.3d 1026, 1040 (8th Cir.1997)). Merely speculating that the party moving for summary judgment controls relevant facts is an insufficient basis to defer consideration of a summary judgment motion. *Id.* at *6.

### III. Discussion

### A. Defendants' Motion to Dismiss

Defendants have filed a motion to dismiss Counts II through IX of Plaintiff's First Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Defendants allege that Plaintiff's complaint fails to make any factual allegations at all and should therefore be dismissed. The Court agrees that dismissal under Rule 12(b)(6) is warranted as to Defendants John Ramsey; WMAC 2013, LLC; WMAC 2014, LLC; Richard Robinson; Carlton Black; Michael DeLuca; Chad Cooper; Invest Services, LLC; Christiana Trust, a Division of Wilmington Savings Fund Society, FSB; and Deed Co. LLC.

#### i. Count II Fraud

In Count II against Defendants John Ramsey, Richard Robinson, Carlton Black, Michael DeLuca, Chad Cooper, and "Alter Ego Entities," Plaintiff alleges that these named Defendants fraudulently concealed and transferred assets to purchase Tax Sale Certificates, including Plaintiff's Property.[2] To state a claim for fraud under Missouri law, a plaintiff must allege:

---

[2] Plaintiff also raises allegations throughout the First Amended Complaint regarding other transactions to which he was not party. The Court finds he lacks standing because he may not assert "'the rights or legal interests of others in order to obtain relief from injury to [himself].'"

5

> "(1) a false, material representation; (2) the speaker's knowledge of the falsity or his ignorance of the truth; (3) the speaker's intent that the hearer act upon the representation in a manner reasonably contemplated; (4) the hearer's ignorance of the representation; (5) the hearer's reliance on the truth of the representation; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused injury."

*Kulovic v. BAC Home Loans Servicing, L.P.*, No. 4:10-CV-2058 CAS, 2011 WL 1483374, at *12–13 (E.D. Mo. Apr. 19, 2011) (quoting *Kempton v. Dugan*, 224 S.W.3d 83, 87 (Mo. Ct. App. 2007)). "When a plaintiff alleges a defendant committed fraud, Rule 9(b) requires the plaintiff to 'state with particularity the circumstances constituting fraud.'" *McKay v. GMAC Mortg., LLC*, No. 4:10CV507 CDP, 2010 WL 2518590, at *2 (E.D. Mo. June 14, 2010) (quoting Fed. R. Civ. P. 9(b)). "'Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule.'" *Id.* (quoting *Commercial Prop. v. Quality Inns Int'l*, 61 F.3d 639, 644 (8th Cir.1995)).

Here, Plaintiff merely states conclusory allegations based on information and belief. However, "[a]llegations pleaded on information and belief usually do not meet Rule 9(b)'s particularity requirement." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). Allegations pleaded on information and belief may satisfy Rule 9(b) only where "the facts constituting the fraud are peculiarly within the opposing party's knowledge." *Id.* at 783-84 (citation omitted). Such allegations must be "accompanied by a statement of facts on which the belief is founded." *Id.* at 784 (citation omitted). The Court finds that Plaintiff has failed to plead sufficient facts to support his conclusory allegations of fraud against Defendants John Ramsey, Richard Robinson, Carlton Black, Michael DeLuca, Chad Cooper, and "Alter Ego Entities." Therefore the Court will dismiss Count II of Plaintiff's First Amended Complaint.

---

*Glickert v. Loop Trolley Transp. Dev. Dist.*, 792 F.3d 876, 882 (8th Cir. 2015) (quoting *Warth v. Seldin*, 422 U.S. 490, 509 (1975)).

### ii. Count III Intentional Infliction of Emotional Distress

In Count III, Plaintiff seeks damages for intentional infliction of emotional distress against Defendants John Ramsey, Richard Robinson, Carlton Black, Michael DeLuca, Chad Cooper, and "Alter Ego Entities." Specific to Plaintiff, he alleges that Defendants with malicious intent took action to convince Plaintiff that Defendants lawfully purchased a Tax Sale Certification and formed fraudulent companies to gain control over, or steal, Plaintiff's residence. Plaintiff contends that such actions caused him sleeplessness, depression, and anxiety.

"To state a claim for intentional infliction of emotional distress under Missouri law, 'a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm.'" *Jiang v. Porter*, No. 4:15-CV-1008 (CEJ), 2015 WL 9480478, at *4 (E.D. Mo. Dec. 29, 2015) (quoting *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. banc 1997)). "The conduct must have been 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting *Warrem v. Parrish*, 436 S.W.2d 670, 673 (Mo. 1969)). In addition, the defendant must intend only to cause extreme emotional distress to the victim. *Id.* (citation omitted).

The Court finds that Plaintiff has failed to state a plausible claim for intentional infliction of emotional distress. Plaintiff raises only conclusory and threadbare allegations that cannot rise to the level of outrageous or extreme conduct on behalf of the Defendants. Therefore, the Court will dismiss Count III as to Defendants John Ramsey, Richard Robinson, Carlton Black, Michael DeLuca, Chad Cooper, and "Alter Ego Entities."

### iii. Counts IV, VI, and IX to Quiet Title and for Declaratory Judgment

Next, Plaintiff has alleged claims to quiet title and for declaratory judgment against Defendants John Ramsey, Richard Robinson, Carlton Black, Michael DeLuca, Chad Cooper, "Alter Ego Entities," and Christiana Trust. These Defendants argue that Plaintiff has failed to state a claim such that dismissal of Counts IV, VI, and IX is warranted.

"To state a cause of action to quiet title, a plaintiff must allege (1) ownership in the real property, (2) that the defendant claims some title, estate or interest in the real property, and (3) that the defendant's claim is adverse and prejudicial to the plaintiff . . . ." *Simms v. Nationstar Mortg., LLC*, 44 F. Supp. 3d 927, 935 (E.D. Mo. 2014). In addition, a plaintiff must "plead facts showing that he has a superior title to the property at issue than the defendants." *Id.* (citation omitted). Further, in order to maintain an action for declaratory judgment, plaintiff must present:

> (1) a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake, "consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief;" (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law.

*Missouri Soybean Ass'n v. Missouri Clean Water Comm'n*, 102 S.W.3d 10, 25 (Mo. 2003) (quoting *Northgate Apartments, L.P. v. City of North Kansas City*, 45 S.W.3d 475, 479 (Mo. App. 2001)).

In the instant case, Plaintiff seeks to quiet title and seeks a declaratory judgment invalidating the sale of the Property. Plaintiff contends that Defendants failed to complete an affidavit required by Missouri statute, this voiding the purchase of the Tax Sale Certificate. Plaintiff also asserts that Defendants failed to notify him of his right to redemption, recorded the Deed of Trust for the Property without Plaintiff's consent or knowledge, and have no interest in

the Property. Plaintiff further claims that the sale was void because Defendants were delinquent on the property tax payments.

The Court finds that Plaintiff has failed to state a claim to quiet title or for declaratory judgment. Plaintiff's conclusory statements that his interest in the Property is superior to the Defendants are insufficient to state plausible claims. "A plaintiff in an action to quiet title has the burden to prove title superior to the other party, not superior to the whole world, and must prevail on the strength of its own title and not on any weakness in the title of the other party." *Ollison v. Vill. of Climax Springs*, 916 S.W.2d 198, 203 (Mo. 1996). Plaintiff's claims rely entirely on the Defendants' alleged weaker title to the Property and do not set forth facts demonstrating Plaintiff's superior title. Further, Plaintiff acknowledges that he was delinquent in his tax payments and that he received notice from Defendants. (Pl.'s FAC ¶¶ 87, 94-95, 99-100; ECF No. 87 p. 1) Thus, the Court finds that dismissal of Plaintiff's claims to quiet title in Counts IV and IX is warranted.

With respect to Plaintiff's declaratory judgment claim, the Court finds that Plaintiff's conclusory facts and recitation of Missouri statutes are insufficient to state a claim for declaratory relief. Therefore, the Court will also dismiss Count VI as against Defendants that are party to the present motion to dismiss, Defendants John Ramsey; WMAC 2013, LLC; WMAC 2014, LLC; Richard Robinson; Carlton Black; Michael DeLuca; Chad Cooper; Invest Services, LLC; Christiana Trust, a Division of Wilmington Savings Fund Society, FSB; and Deed Co. LLC.

### iv. Count VII Slander of Title

In Count VII, Plaintiff brings a claim solely against Christiana Trust for slander of title. Plaintiff contends that Defendant Christiana Trust knew the recording of the Deed of Trust was

unlawful, untrue, and/or malicious and the publication was intended to injure the Plaintiff. "To establish a claim for slander of title under Missouri law, a plaintiff must prove: '(1) some interest in the property, (2) that the words published were false, (3) that the words were maliciously published, and (4) that he suffered pecuniary loss or injury as a result of the false statement.'" *Augustine v. Bank of Am., N.A.,* No. 4:11CV2251 CDP, 2012 WL 1379654, at *4 (E.D. Mo. Apr. 20, 2012) (quoting *Lau v. Pugh,* 299 S.W.3d 740, 748–49 (Mo. Ct. App. 2009)).

The Court finds that Plaintiff has failed to state a claim because the allegations are merely legal conclusions that are unsupported by facts. Thus, the Court will dismiss Plaintiff's slander of title claims against Defendant Christiana Trust.

### v. Count VIII Unfair Debt Collection Practices

In Count VIII, Plaintiff claims that Defendants John Ramsey, Richard Robinson, Carlton Black, Michael DeLuca, Chad Cooper, "Alter Ego Entities," and Christiana Trust violated the Fair Debt Collection Practices Act ("FDCPA") in their attempt to collect a debt, namely Plaintiff's property taxes. "Congress created the FDCPA in order to stop the 'use of abusive, deceptive, and unfair debt collection practices by many debt collectors.'" *Campbell v. Credit Prot. Ass'n, L.P.,* No. 4:12CV00289AGF, 2013 WL 1282348, at *4 (E.D. Mo. Mar. 27, 2013) (quoting 15 U.S.C. § 1692). To prevail on an FDCPA violation claim, a plaintiff must prove he "is a consumer; Defendant is a debt collector; there was an attempt to collect a debt; and Defendant violated, by act or omission, a provision of the FDCPA." *Id.* (citation omitted).

Here, Defendant fails to allege facts demonstrating that Defendants are debt collectors under the FDCPA, which defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or

due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plaintiff fails to allege, for example, that Defendants' principal purpose was to collect debts or that Defendants regularly collect or attempt to collect debts owed or due another. *See Somlar v. Nelnet Inc.*, No. 4:16-CV-01037-AGF, 2017 WL 35703, at *3 (E.D. Mo. Jan. 4, 2017). Thus, the Court finds that dismissal of Plaintiff's FDCPA claim in Count VIII is appropriate.

### vi. Count V Civil Conspiracy

Plaintiff also brings a claim for civil conspiracy against all Defendants. In their motion to dismiss, Defendants John Ramsey; WMAC 2013, LLC; WMAC 2014, LLC; Richard Robinson; Carlton Black; Michael DeLuca; Chad Cooper; Invest Services, LLC; Christiana Trust, a Division of Wilmington Savings Fund Society, FSB; and Deed Co. LLC argue that Plaintiff is unable to state a claim for civil conspiracy such that dismissal is warranted.

"Under Missouri law, '[a] claim of conspiracy alone is not actionable absent an underlying tort or wrongful act.'" *EnviroPAK Corp. v. Zenfinity Capital, LLC*, No. 4:14CV00754 ERW, 2015 WL 331807, at *12 (E.D. Mo. Jan. 23, 2015) (quoting *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 870 (8th Cir. 2002)). As such, "'if tortious acts alleged as elements of a civil conspiracy claim fail to state a cause of action, then the conspiracy claim fails as well.'" *Id.* (quoting *Rice v. Hodapp*, 919 S.W.2d 240, 245 (Mo. banc 1996)). Because the Court finds that Plaintiff has failed to state a claim against those Defendants named in the motion to dismiss, his claim for civil conspiracy must fail. *Id.* Therefore, the Court will grant Defendants' motion to dismiss Count VIII for civil conspiracy.

### B. Defendants' Motion for Summary Judgment

Defendants St. Louis County Collector of Revenue; Ashley Greely, employee of St. Louis County Department of Revenue; Richard Robinson, Manager of Revenue Services as an

employee of St. Louis County Department of Revenue; and Mark Devore, Collector of Revenue for St. Louis County Department of Revenue (collectively "County Defendants") have filed a motion for summary judgment in this case, asserting that no genuine issue of material fact exists such that the County Defendants are entitled to judgment as a matter of law under Fed. R. Civ. P. 56(a). In response, Plaintiff seeks a continuance under Rule 56(d) to allow time for discovery.

At the outset, the Court notes that Plaintiff has failed to comply with Rule 56(d), which requires a showing of "what specific facts or information further discovery might reveal." *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1050 (8th Cir. 2012). While Plaintiff did file an affidavit in support of his motion, the Court finds that the affidavit lacks the specificity required by Rule 56(d). Although Plaintiff's affidavit contained a list of general facts sought to be discovered to support Plaintiff's claims, "[he] failed to articulate how those facts were relevant 'to rebut the movant's showing of the absence of a genuine issue of fact.'" *Ray v. Am. Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010) (quoting *Humphreys v. Roche Biomedical Lab., Inc.*, 990 F.2d 1078, 1081 (8th Cir.1993)). Indeed, Plaintiff's facts do not pertain to the undisputed facts by the County Defendants indicating that Plaintiff was delinquent in real estate taxes for four years, after which the property was sold to WMAC 2014, who then received a Collector's Deed for the Property. Thus, the Court will address the County Defendants' Motion for Summary Judgment.

Plaintiff's specific claims against the County Defendants allege violations of Plaintiff's constitutional right to due process under the Fifth and Fourteenth Amendments (Count I), civil conspiracy (Count V), and an action for declaratory judgment (Count VI). Plaintiff has sued the individual County Defendants Ashley Green, Richard Robinson, and Mark Devore in their

official capacities. (Pl.'s FAC ¶¶ 3-5) Upon review of the County Defendants' motion, the Court finds that those Defendants are entitled to summary judgment.

### i. Count I Due Process

In Count 1, Plaintiff claims that the County Defendants violated his Fifth and Fourteenth Amendment rights to due process by allowing Defendants to violate Mo. Rev. Stat. §§ 140.190.2 and 140.405.2. Those statutes pertain to signing an affidavit regarding delinquent property taxes at the time of a property sale and providing notice of the right of redemption, respectively. While difficult to discern from Plaintiff's complaint, it appears he is stating a procedural due process claim, as he alleges he had no access to a meaningful forum to address the allegedly unconstitutional "pre-taking." "To establish a procedural due process violation, a plaintiff must demonstrate that he has a protected property or liberty interest at stake and that he was deprived of that interest without due process of law." *Hopkins v. Saunders*, 199 F.3d 968, 975 (8th Cir. 1999); *see also Swipies v. Kofka*, 419 F.3d 709, 715 (8th Cir. 2005). The Court finds that Plaintiff's due process claim fails because Plaintiff has an adequate state court remedy, namely an action to quiet title. *See Zakrzewski v. Fox*, 87 F.3d 1011, 1014 (8th Cir. 1996) ("The Supreme Court has held that a procedural due process claim lacks merit where there exists an adequate state court remedy."); *Chermak v. Carter*, No. 3:14-CV-03072, 2014 WL 6815797, at *2 (W.D. Ark. Dec. 2, 2014) (finding adequate state-court remedies existed for the plaintiff to attempt to quiet title the property).

Additionally, the Court finds that Plaintiff's constitutional claims should be dismissed because "violations of state law do not alone state a claim under 42 U.S.C. § 1983." *Behlmann v. Shrader,* No. 2:17CV24-HEA, 2017 WL 3333883, at *3 (E.D. Mo. Aug. 4, 2017) (citing *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995)). Plaintiff asserts that the County

13

Defendants violated Missouri law by failing to comply with statutes regarding property sales pursuant to delinquent tax auctions. The Court finds that these claims do not give rise to a constitutional claim and will be dismissed accordingly. *See Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1105 (8th Cir. 1992) (finding that even "[a] bad-faith violation of state law remains only a violation of state law").

### ii Count V Civil Conspiracy

Under Mo. Rev. Stat. § 537.600, public entities such as St. Louis County are entitled to sovereign immunity unless such immunity is waived, abrogated, or modified by statute. *Wann v. St. Francois Cty., Missouri*, No. 4:15CV895 CDP, 2016 WL 866089, at *7 (E.D. Mo. Mar. 7, 2016) (citing *Richardson v. City of St. Louis*, 293 S.W.3d 133, 136-37 (Mo. Ct. App. 2009)). Sovereign immunity bars suits against public entities "except for tort claims arising from the negligent operation of motor vehicles by public employees and from the dangerous condition of a public entity's property if and to the extent that the public entity has acquired liability insurance." *Edwards v. McNeill*, 894 S.W.2d 678, 682 (Mo. Ct. App. 1995) (citation omitted). Further, "[t]he doctrine of official immunity insulates state employees from suit in their individual capacities when liability arises from discretionary acts or omissions of a state employee." *Betts-Lucas v. Hartmann*, 87 S.W.3d 310, 327 (Mo. Ct. App. 2002). "When bringing claims against a public entity, a plaintiff 'bears the burden of pleading with specificity facts giving rise to an exception to the rule of sovereign immunity[.]'" *Wann*, 2016 WL 866089, at *7 (quoting *Richardson*, 293 S.W.3d at 136-37).

The Court finds that the County Defendants are entitled to sovereign and official immunity on Plaintiff's civil conspiracy claim. In addition, because Plaintiff is unable to establish claim for violation of his due process rights, his conspiracy claim fails. *See Draper v.*

14

*City of Festus, Mo.*, 782 F.3d 948, 953–54 (8th Cir. 2015) (finding plaintiff was unable to state a claim for conspiracy under § 1983 because he failed to establish a due process violation).

### iii. Count VI Declaratory Judgment

Finally, with respect to Plaintiff's request for declaratory judgment, the Court will dismiss that count as to the County Defendants. While Plaintiff claims to bring that count against all Defendants, the Court notes that Plaintiff does not name the County Defendants, other than Richard Robinson, which claim against Mr. Robinson the Court dismissed above. The Court therefore finds that Plaintiff has failed to state a claim for declaratory judgment against the County Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Plaintiff's First Amended Complaint by Defendants John Ramsey; WMAC 2013, LLC; WMAC 2014, LLC; Richard Robinson; Carlton Black; Michael DeLuca; Chad Cooper; Invest Services, LLC; Christiana Trust, a Division of Wilmington Savings Fund Society, FSB; and Deed Co. LLC (ECF No. 72) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment by Defendants St. Louis County Collector of Revenue; Ashley Greely, employee of St. Louis County Department of Revenue; Richard Robinson, Manager of Revenue Services as an employee of St. Louis County Department of Revenue and Mark Devore, Collector of Revenue for St. Louis County Department of Revenue (ECF No. 69) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Continuance Pursuant to Rule 56(d) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Rule 16 Order (ECF No. 66) is **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that all claims against Defendant GSRAN-Z, LLC are **DISMISSED** for failure to effectuate timely service in accordance with Fed. R. Civ. P. 4(m). A separate Judgment shall accompany this Memorandum and Order.

Dated this 19th day of July, 2018.

                                                                          **RONNIE L. WHITE**
                                                                          **UNITED STATES DISTRICT JUDGE**